ROBINSON & *ux. versus* ARMSTRONG.

Trover is a transitory action.

It lies for a conversion of property, committed within the bounds of a foreign jurisdiction.

ON FACTS AGREED. If the action is sustainable a default is to be entered.

The plaintiffs declare "*in a plea of the case.*" The declaration then proceeds in the usual form of a count in trover, averring the conversion of a mare, the property of the plaintiffs.

The mare, which was worth $65, was converted by the defendant to his own use, in Canada, where he had purchased her of some person having no right to make the sale, though such want of right was unknown to the defendant.

*A. W. Paine,* for the plaintiffs.

*D. D. Stewart,* for the defendant.

1. The action being "*in a plea of the case,*" and not "*of trespass on the case,*" cannot be treated as a suit in trover or in trespass, and is therefore unsustainable. R. S. ch. 115, sec. 13 ; 1 Cush. 536.

2. At the common law, *case* could not be maintained upon these facts. As such action could not be maintained in the British Provinces, where the conversion of the property took place, the plaintiffs can have no greater or higher rights *here,* as to the form of action, than would be found there.

3. The purchase by the defendant was made in Lower Canada. By the laws of that Province, no action, in any form, could *there* be maintained against the defendant, upon these facts ; and, therefore, he is not liable *here.*

4. The conversion of the property was a tort, committed in the Province, and the defendant was a subject of that Province. A tort is so far local, that no action can be maintained for it beyond the sovereignty where it was committed.

The opinion of the Court, SHEPLEY, C. J., WELLS, RICE and APPLETON, J. J., was drawn up by

RICE, J. — This is trover for the conversion of a mare,

the property of the plaintiff. The facts agreed show, that the conversion was in Canada. Both parties are residents of this State as appears from the writ.

Trover is a transitory action, and the venue may be laid in any county. Woodfall's L. & T. 703; 15 Petersdorff's Ab. 136, n.; Bac. Ab. Title Action, Local & Trans. a.; Com. Dig. Trover, art. 7.

In all actions for injuries *ex delicto* to the person, or to personal property, the venue is in general transitory, and may be laid in any county, though committed out of the jurisdiction of our Courts, or out of the King's dominions. 1 Chit. Pl. 273.

Trover will lie in England for conversion in Ireland. *Brown* v. *Hedges*, 1 Salk. 290; Steph. N. P. 2696. Or in another State. *Mather* v. *Trinity Church*, 3 S. & R. 509.

A default is to be entered for damages and cost as per agreement of parties.